UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM, | No. 2:23-cv-0896 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

    Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

  To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

  Plaintiff generally alleges that the kitchen, its equipment, trays, pots, pans, and utensils are not clean enough, and the plastic is contaminated.  Plaintiff claims he suffered vomiting and diarrhea for nearly two weeks without emergency medical services being provided and was not provided medicine for reversal of food contamination. (ECF No. 1 at 4.)  In his second claim, plaintiff claims that the listed officers, medical staff, Sacramento County Jail, medical examiner, and kitchen officials violated plaintiff's constitutional rights by failing to provide a replacement

3

medical diet tray and failing to provide protection for food trays from contaminations and unclean reheated surfaces of plastic slammer trays. (ECF No. 1 at 5.) Plaintiff claims he was seen by medical services, as noted in his administrative grievance (ECF No. 1 at 11), but then sent back to his cell, in pain, without seeing a doctor, and plaintiff did not immediately receive a replacement medical diet tray. In his third claim, plaintiff states that "Officer #314 identified that [plaintiff's] medical diet tray was contaminated with green fecal matter." (ECF No. 1 at 6.) Plaintiff's grievance confirms plaintiff saw a doctor "nearly two weeks later." (Id.) Plaintiff claims he suffered food poisoning. Plaintiff seeks money damages.

Discussion

        Putative Conditions of Confinement Claim

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018). Fourteenth Amendment conditions-of-confinement claims are evaluated under the objective deliberate indifference standard. See id. To establish unconstitutional conditions of confinement, a pretrial detainee must prove that,

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125; see also Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 397-98 (2015).

According to plaintiff's administrative grievances, on January 31, 2023, around 5:00 a.m., the medical diet tray was removed from plaintiff's cell, and no replacement medical diet tray was immediately provided. (ECF No. 1 at 10.) At breakfast on January 31, 2023, plaintiff ingested

contaminated food. and subsequently suffered serious abdominal sharp pains, diarrhea and vomiting for 8 to 9 days. (ECF No. 1 at 11.) Plaintiff could not eat anything. (Id.)

While not entirely clear, it appears that on one occasion, plaintiff suffered food poisoning from a contaminated meal tray at the jail. The Ninth Circuit has held that "food occasionally contain[ing] foreign objects or sometimes [being] served cold, while unpleasant, does not amount to a constitutional deprivation." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation & internal quotation marks omitted). Moreover, plaintiff provides a laundry list of officers and kitchen staff and names the Sacramento County Sheriff's Office and Chief Medical Examiner as defendants.[1] (Id. at 2.) But plaintiff fails to link each named defendant with the action or omission that allegedly violated plaintiff's constitutional rights. In addition, the sole allegation as to "Officer #314 Richardson" does not state a claim because defendant Richardson removed the contaminated tray from plaintiff's cell. Plaintiff speculates as to the cause of the contamination, but plaintiff sets forth no specific facts demonstrating that the contamination was the result of an individual defendant's intentional decision. Despite plaintiff's generalized claim that the kitchen and utensils were not "clean enough," he includes no facts demonstrating that food contamination was an ongoing problem at the jail; rather, it appears this was an isolated incident.

Further, plaintiff complains that he was not immediately provided a replacement tray. However, failing to provide an inmate with one meal does not demonstrate plaintiff faced a substantial risk of serious harm. The Ninth Circuit has held that depriving an inmate of 16 meals over 23 days was "a sufficiently serious deprivation[,]" but noted that allegations that an inmate was deprived of two meals on two days spread three months apart were about "relatively isolated occurrences [and] do not appear to rise to the level of a constitutional violation." Foster v. Runnels, 554 F.3d 807, 812-13 n.1 (9th Cir. 2009); see also Darting v. Farwell, 139 F. App'x 847 (9th Cir. 2005) (deprivation of a single meal did not constitute serious injury); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (the deprivation of one meal a day on weekends did not rise to the

---

[1] Subsequently, plaintiff filed a second laundry list of names and additional exhibits. (ECF No. 5.) Plaintiff is advised that his pleading must be complete in itself. Also, the court is not a repository for plaintiff to lodge exhibits; rather, evidence should be retained by plaintiff until required to support a motion for summary judgment or opposition thereto, or at trial.

level of serious injury). The undersigned finds that the failure to provide a replacement tray under these circumstances does not state a constitutional deprivation, and plaintiff should not include such claim in any amended complaint.

In an abundance of caution, plaintiff is granted leave to amend. Plaintiff is cautioned that he must allege facts supporting each element required under Gordon, 888 F.3d 1125. Moreover, plaintiff must name as defendants only those who have a causal connection between the alleged act or omission and the alleged constitutional violation. Merely providing a list of individuals is insufficient, as are generalized statements that "defendants" violated plaintiff's rights. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950. Further, the court is unable to serve defendants unless plaintiff provides specific names and employers of each defendant.

Putative Medical Claim

A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a state prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with

6

> respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125.  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro, 833 F.3d at 1071).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard."  Id. (quoting Castro, 833 F.3d at 1071).

In his complaint, plaintiff fails to identify a particular individual who made an intentional decision concerning plaintiff's medical care in connection with the contaminated food incident.  Moreover, the exhibits he provides confirm he was seen by RN Dani on January 31, 2023.  (ECF No. 1 at 29.)  Although plaintiff claims he was sent back to his cell without immediately seeing a doctor, and plaintiff disagrees with the medical service provided (or not provided), such allegations, standing alone, constitute a mere difference of opinion as to the medical care plaintiff required.  "[A]llegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of . . . Fourteenth Amendment violation."  Patton v. Rey, 2023 WL 218973, at *5 (S.D. Cal. Jan. 17, 2023) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)) ("[N]egligen[ce] in diagnosing or treating a medical condition" does not amount to deliberate indifference)); see also Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference).  Plaintiff speculates that he should have been given medicine to reverse the food contamination, but generally, patients expel contaminated food product by vomiting and diarrhea.  Plaintiff alleges that "medical officials overlooked [plaintiff's] serious sharp pains and cleared him for housing."  (ECF No. 1 at 5.)  But even if medical officials misdiagnosed plaintiff's condition, such negligence does not rise to the level of deliberate indifference, absent facts not alleged here.  Gordon, 888 F.3d at 1125.

Plaintiff names the Chief Medical Examiner as a defendant, but plaintiff includes no facts demonstrating the examiner was even aware of plaintiff's condition, let alone made an intentional decision concerning plaintiff's care (or lack thereof).

While it is unclear plaintiff can amend to state a cognizable medical claim, plaintiff is granted leave to amend. If plaintiff chooses to amend the complaint to pursue a particular medical claim, he must set forth facts meeting each element identified in Gordon, 888 F.3d at 1125. Plaintiff must also specifically identify the individual responsible by name and employer so that the court can order service of process.

Defendant Sacramento County Sheriff's Office

To state a claim for municipal liability under Section 1983, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted). There can be no municipal liability without an underlying constitutional violation. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994).

Here, plaintiff does not allege that the food contamination was the result of a jail policy; rather, it appears that the food contamination was an unfortunate but isolated incident. Similarly, plaintiff makes no policy allegation concerning the medical care. A Monell[2] claim requires more than "sporadic" incidents. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents."). An "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted). Because the food contamination was an isolated incident which does not rise to the level of a constitutional violation, there can be no Monell liability. Thus, plaintiff's claims against the Sacramento County Sheriff's Office fail.

---

[2] Monell v. Dept. of Soc. Serv. of N.Y., 436 U.S. 658, 691 (1978).

Conclusion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, as noted above, plaintiff is not required to append exhibits to his pleading. But if

plaintiff intends to re-append exhibits that were previously filed with the court (ECF No. 1 at 8-37), he may request that the clerk append copies of such exhibits to his amended complaint to avoid unnecessary duplication.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Sacramento County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: December 8, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cunn0896.14n

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM,<br><br>          Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al,<br><br>          Defendants. | No. 2:23-cv-0896 KJN P<br><br><u>NOTICE OF AMENDMENT</u> |

Plaintiff hereby submits the following document in compliance with the court's order filed _____.

DATED: _____          Amended Complaint

_____
Plaintiff